UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | |
|---|---|
| DALE ELIZABETH WASHINGTON, Individually ) <br> And o/b/o her Husband ) <br> GEORGE WASHINGTON, Jr., deceased ) <br>     PLAINTIFFS ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA ) <br> ) <br>     DEFENDANT. ) | CIVIL ACTION No._____ <br><br> JURY TRIAL DEMAND |

## COMPLAINT FOR HEALTHCARE LIABILITY AND WRONGFUL DEATH

Comes Now, Plaintiff, Dale Elizabeth Washington, individually and on behalf of her Husband, George Washington, Jr., deceased by and through the undersigned attorneys and files their Complaint for HealthCare liability and Wrongful Death against the above-named Defendant on the following grounds:

1. This action is brought pursuant to Federal Tort Claims Act, 28 U.S.C. § 1435(B)

2. On April 13, 2023, arrangements were made for the Plaintiff's decedent, George Washington, Jr to undergo changing of the battery of his automatic implantable cardiac defibrillator/biventricular permanent pacemaker (AICD/BiVPPM) after it was noted by Cardiologist Afamefuna Accomaye Onuora, M.D. that his battery was too low.

3. Dr. Afamefuna Accomaye Onuora, M.D sent Mr. Washington home to return back to the VA Medical Center to return on April 17, 2023, to have his AICD/BIVPPM battery replaced.

4. On April 17, 2023, the Plaintiffs suffered an injury through the negligence of the agents, servants, and employees acting within the scope of their employment with the United States of America, specifically the death of George Washington, Jr.

5. On April 15, 2024, the Plaintiffs submitted a Federal Tort Claim to the U.S. Department of Veterans Affairs.

6. On May 23, 2025, the Defendant, United States of America denied the Plaintiff's claim for medical negligence. (Exhibit "1" Denial of Federal Tort Claim")

7. That six months has not elapsed since the denial of the Federal Tort Claim, and all conditions precedent to the Federal Tort Claims Act having been met; the Plaintiffs bring this cause of action.

8. That the Plaintiffs' attorneys have attached a Certificate of Good Faith (("Exhibit "2") as though set forth word for word herein.

9. Venue is proper within the District under 28 US.C. § 1402(b) as the acts complained of occurred in the Western District of Tennessee, Memphis, Tennessee.

**PARTIES**

10. That Plaintiff's decedent, George Washington, Jr., was a resident of Memphis Shelby County, Tennessee at all times pertinent to this cause of action.

11. That Plaintiff, Dake Elizabeth Washington is the wife of George Washington, Jr., and she has a derivative claim for loss of consortium as a result of the negligence of the Defendant through its agents, servants, and employees acting within the scope of their employment with the United States of America.

12. That the U.S. Department of Veterans Affairs is a department of the United States of America.

13. That the proper Defendant is the United States of America.

14. The United States of America's agent of service is the United States Attorney General Pamela Bondi, Justice Building, Washington, D.C. 20530.

15. Tennessee United States of America's agent of service for the Western District of Tennessee, is the United States Attorney Joe Murphy, 167 N. Main Street, #800, Memphis, TN 38103.

## STATEMENT OF FACTS

16. The Plaintiff's decedent, George Washington, Jr., was 75 years of age with a history of cardiomyopathy with biventricular dysfunction, including left ventricular ejection fraction below 35%. His cardiovascular history also included coronary artery disease, pulmonary hypertension, recurrent non-sustained ventricular tachycardia, hypertension, and pulmonary embolism.

17. Because Plaintiff's decedent's cardiomyopathy made him susceptible to two potentially devastating conditions-progressively worsening cardiac function and susceptibility to arrhythmias such as ventricular tachycardia or ventricular fibrillation that could result in sudden cardiac death, the Plaintiff's decedent underwent implantation of a device that would provide both cardiac resynchronization therapy and defibrillation capabilities in 2009 to compliment cardiac medical therapy.

18. On July 25, 2014, the Plaintiff's decedent underwent implantation of an automatic implantable cardiac defibrillator/biventricular permanent pacemaker (AICD/BIVPPM), specifically the Viva XT CRT-D DTBA1D4 model by Medtronic which performed these same functions.

19. Periodic interrogation of the decedent's device initially showed it to be functioning appropriately, and review of the cardiac rhythms stored by the device revealed none that required therapy. However, interrogations of his device throughout 2022 were notable for steadily declining generator remaining longevities.

20. Device interrogation on December 7, 2022, indicated that the device had reached the recommended replacement time (RRT) and it was recommended that the generator be replaced.

21. On April 13, 2023, the Plaintiff's decedent was seen at the Veterans Hospital in Memphis, Tennessee by Dr. Myrtle V. Jefferson, M.D. and Afamefuna Onuora, M.D., the cardiologists that were employees or agents of the Defendant.

22. That on April 13, 2023, Plaintiff's decedent was seen by Dr. Sakiru O. Isa and Dr. Afamefuna A. Onuora following consultation. Plaintiff's decedent's pacemaker device was interrogated, and it was found that the device has had ERI since November 2022. Plaintiff's decedent's device was scheduled for a battery/generator change in the OR on 4/17/2023.

23. The Plaintiff's decedent's device, automatic implantable cardiac defibrillator/ biventricular permanent pacemaker (AICD/BIVPPM) had not been functioning for several months when he was examined by Dr. Myrtle V. Jefferson, M.D. Dr. Sakiru O. Isa, and Dr. Afamefuna A. Onuora on April 13, 2023.

24. On April 17, 2023, Plaintiff's decedent was walking to his vehicle to go to the Veterans Hospital to have his pacemaker battery change when he collapsed. Plaintiff's decedent was noted to be apneic and so cardiopulmonary resuscitation (CPR) was

immediately started by their son. Plaintiff's decedent was transported by Emergency Medical Service. He was found to be experiencing ventricular fibrillation.

25. Despite the implementation of Advanced Cardiac Life Support, both in the field and in the hospital, which included continued CPR, multiple shocks, and administration of medication such as amiodarone, epinephrine, and naloxone, the Plaintiff George Washington, Jr., died on April 17, 2023, because of his cardiac morbidity.

## **CAUSE OF ACTION**

26. That the Defendant, the United States of America, through its agents, servants and employees, in particularly, Dr. Myrtle V. Jefferson, M.D. and Afamefuna Onuora, M.D., and Dr. Sakiru O. Isa, are guilty of one or more of the following acts of negligence, each and every such act being a direct and proximate cause of the Plaintiff's injuries, pain and suffering and death of the Plaintiff's decedent, George Washington, Jr., :

    a. Negligently and carelessly deviated from the standard of care by failing to protect the Plaintiff's decedent from sudden cardiac death by providing him with a AICD/BIVPPM generator change at the time of his examination on April 13, 2023 and/or admission to the hospital for observation and monitoring until the procedure could be done on April 17, 2023;

    b. Negligently and carelessly deviated from the standard of care by failing to provide the Plaintiff's decedent with a LifeVest until a generator change could be made of the AICD/BIVPPM.

 c. Negligently and carelessly deviated from the standard of care by failing to properly monitor the Plaintiff's decedent until a generator change could be made of the AICD/BIVPPM.

 d. That the Defendant through its agents, servants and employees, in particularly, Dr. Myrtle V. Jefferson, M.D., Dr. Afamefuna Onuora, M.D., and Dr. Sakiru O. Isa, acted with less than or failed to act with ordinary and reasonable care in accordance with the recognized standard of acceptable professional practice in their profession in the diagnosis and treatment of the Plaintiff's decedent worsening cardiac function and susceptibility to arrhythmias such as ventricular tachycardia or ventricular fibrillation that did result in sudden cardiac death.

 27. That the Defendant, the United States of America, through its agents, servants and employees, in particularly, Dr. Myrtle V. Jefferson, M.D. and Afamefuna Onuora, M.D., and Dr. Sakiru O Isa, acted with less than or failed to act with ordinary and reasonable care in accordance with the recognized standard of acceptable professional practice in their profession in the diagnosis and treatment of the Plaintiff's decedent worsening cardiac function and susceptibility to arrhythmias such as ventricular tachycardia or ventricular fibrillation that did result in sudden cardiac death that gave rise to the Plaintiff's loss of consortium.

 28. That the Plaintiffs, specifically alleges that the Defendant, the United States of America, through its agents, servants, and employees acting within the scope of their employment was negligent in the medical care and attention rendered to the Plaintiff's decedent resulting in serious, permanent injury and death; and these omissions were a failure to exercise the degree of care, skill and diligence used by medical providers in

this community and/or a similar community, under the same or similar circumstances presented to the Defendant and was the proximate cause of the Plaintiffs' injuries and death including the delay in treatment which resulted in the sudden cardiac death of Plaintiff's decedent.

## INJURIES AND DAMAGES

29. The Plaintiffs as a direct and proximate cause of the negligence, breach of duty and failed acts or omissions by the Defendant, the United States of America caused the Plaintiffs to suffer serious physical injuries including, but not limited to:

a. severe and physical damages to the Plaintiff of worsening cardiac function and susceptibility to arrhythmias such as ventricular tachycardia or ventricular fibrillation that did result in sudden cardiac death;

b. caused the Plaintiffs to incur medical treatment and medical expenses;

c. caused the Plaintiffs to endure pain and suffering;

d. caused the Plaintiff to endure severe emotional distress, grief and mental anguish;

e. caused the Plaintiff to have loss of normal enjoyment and pleasure of life;

d. caused the Plaintiff to have a loss of consortium.

**WHEREFORE,** Plaintiffs pray that they be awarded compensatory damages in the amount of $ 2,000,000.00, for their severe and physical damages that resulted in extreme distress and mental anguish; for permanent injuries and wrongful death; past pain and suffering; for a jury trial and all other relief to which the Plaintiffs may be entitled.

Respectfully submitted,

The Law Office of Regina Guy, PLLC

By: /s/Regina Guy
Regina Guy(BPR#14871)
2670 Union Ave., Ext., Ste 701
Memphis, Tennessee 38112
Tele/Fax: (901)664-5015
reginaguy.attorneyatlaw@gmail.com

/s/Sheila F. Campbell
Sheila F. Campbell, P.A. (TBN 40026)
Attorney at Law
2510 Percy Machin Drive
North Little Rock, AR 72114
P: 501-374-0700
F: 501-372-5375
*sheila.sfclaw@gmail.com*

*Attorneys for Plaintiff*